SARTAIN, Judge.
This is a juvenile proceeding pertaining to the alleged neglect of Jeremy Rome, the natural child of Suzanne Gauthreaux and *436 Fred Rome, Jr. We granted writs in this cause to consider the propriety of an order signed by the district judge, as Juvenile Judge, awarding the temporary care of the child to its maternal grandparents, Mr. and Mrs. Clyde Gauthreaux. The events preceding our granting of the instant writ are as follows: On February 17, 1971, a verified petition pursuant to L.R.S. 13:1574 was filed in the Juvenile Court for the Parish of Assumption. The petition contained the following allegations:
“A. is presently living with petitioners and has been for some three weeks;
B. the mother and father of said child have left the child with petitioners;
C. the said child was being neglected physically by the parents of the child and petitioners feel that it is within the best interest of the child to remain with them,”
On March 17, 1971, Suzanne Gauthreaux and Fred Rome, Jr. asserting that they are the parents of the child filed pleadings entitled “PETITION TO SET ASIDE ORDER OF TEMPORARY CUSTODY” and “RULE TO SHOW CAUSE WHY THESE PROCEEDINGS SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION”. A rule nisi was issued to Mr. and Mrs. Gauthreaux directing them to show cause why the parents should not be given the custody of the child during the pendency of these proceedings. The rule was made returnable April 13, 1971, at which time the exception was also considered.
On March 25, 1971, Mr. and Mrs. Gauth-reaux filed an answer to the rule nisi and certain additional allegations relative to the alleged neglected condition of young Jeremy Rome. We view only the following additional allegations as germane to the issue of jurisdiction:
“13.
Suzanne Gautreaux and Fred Rome, Jr. have, from time to time, lived together in the City of New Orleans in several different places, and on the occasions that their quarters were seen by respondents and members of respondents’ family, the living conditions were deplorable, particularly with respect to cleanliness.
14.
That Jeremy ‘Rome’ has been neglected hygenically (sic) and it has been necessary for respondents to secure medical attention for Jeremy ‘Rome’ on numerous occasions.”
When the hearing was held on April 13, 1971, only arguments of counsel were heard on the request to set aside the temporary custody order and the exception to jurisdiction. No evidence was taken. At the conclusion of arguments the trial judge, for oral reasons assigned, maintained in effect his previous order of temporary custody and overruled the exception.
Relators assert here as they did in the trial court that the initial petition contained allegations which were merely conclusions of law and insufficient to vest the Juvenile Court of Assumption Parish with jurisdiction. The basis for their complaint is that before a juvenile court has jurisdiction over a minor, there must be facts which exist and which are properly set forth in a petition and if proved would substantiate the conclusion that a condition of neglect existed as of the date of the filing of the petition. State v. Brockner, 207 La. 465, 21 So.2d 499 (1945) and In Re Sherrill, 206 La. 457, 19 So.2d 203 (1944).
L.R.S. 13:1574 clearly permits a juvenile judge to make a preliminary inquiry to determine “whether the interests of the public or of the child require that further action [should] be taken” should the court so determine, he has the alternative of making “such informal adjustment as is practicable without a petition, or may authorize a petition to be filed by any person”. Section 1575 prescribes the procedures to be *437 followed by the judge after a petition has been filed. Pertinent to the issue here is the provision that the judge is accorded discretionary authority to take immediate action with respect to custody if the child’s welfare so requires. In the instant case the judge elected to place the child with Mr. and Mrs. Gauthreaux.
It is unmistakably clear to us that as of the date relators filed the exception to jurisdiction their position was well taken for allegations (A), (B) and (C) above quoted are nothing more than conclusions of law and were insufficient to warrant the invocation of juvenile jurisdiction and justify the custody order.
However, we have a supplemental petition which in effect discloses additional grounds which if proved would substantiate the conclusion that a condition of neglect existed. Accordingly, the supplemental petition in our opinion corrected the deficiency noted in the original petition and justifies the invocation of juvenile jurisdiction of the court and brings the child within the purview of L.R.S. 13:1570(A) (1).
An exception to jurisdiction either as to the subject matter or over the person of the defendant (the child) is a declinatory one under C.C.P. Art. 925. C. C.P. Art. 932 provides that if the objections can be corrected by an amendment the court may so permit. If the grounds cannot be corrected by amendment then the action is dismissed. In juvenile matters the allegations in the verified petition form the basis for jurisdiction and we feel that when the original petition is defective, it can be cured by amendment as in any other proceeding. Obviously, the petition in a juvenile proceeding has two purposes, (1) to allege facts which if proved would bring the child within the purview of the pertinent statutes and (2) to inform the respondents-parents of the nature of the condition so as to accord them the opportunity to properly rebut the facts giving rise to the petition.
As stated above Article 13 alleges living conditions of a “deplorable nature” and Article 13 alleges that it was necessary for the grandparents, on numerous occasions, to secure medical attention for the child. While the allegations do not specifically state so, they must be construed with the view that these conditions existed when it was in the power of the parents to correct. Whether or not young Jeremy Rome was neglected and if so the extent thereof can only be determined after a trial on the merits.
The parents of young Jeremy Rome argue very strenuously that an ex parte custody order cannot be granted by a judge exercising juvenile jurisdiction. The parents contend that L.R.S. 13:1575 requires an evidentiary hearing. We do not agree with this contention. While Section 1575 provides the procedures to be followed after the filing of a petition it does not preclude the awarding of temporary custody pending a hearing on the petition itself. While no time limit is set forth within which a hearing should be held, one should be conducted at the earliest practicable date.
Finally, the parents contend that inasmuch as they are residents of the Parish of Orleans that this matter should be transferred to the Juvenile Court for that parish in accordance with the stated policy announced in L.R.S. 13:1570. While it is the announced policy to have delinquency and neglect matters heard in the court of the child’s domicile, the statute further provides that it is discretionary with a juvenile judge of another parish where conditions of neglect are alleged to exist to retain jurisdiction if he sees fit to do so. Inasmuch as the child is with its grandparents and the petition was properly filed in Assumption Parish, we do not consider the judge’s refusal to transfer this matter an abuse of discretion. The trial judge has assured relators that he would expedite the handling of this cause and we believe it to be in the best interest of the child that the *438 matter be now heard as soon as practical so that the status of the child and particularly its custody may be determined at an early date.
Accordingly, for the above and foregoing reasons the writ previously issued herein is recalled and vacated and this matter is remanded to the Juvenile Court for the Parish of Assumption for a trial on the merits.
Writs recalled.